ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Oct-23  12:04:16
60CV-19-7532
C06D02 : 7 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## __ DIVISION

JOHN BARBUTO                                               PLAINTIFF

V.                              CASE NO. _____

K-MAC ENTERPRISES, INC.                                    DEFENDANT

### COMPLAINT

Comes now Plaintiff John Barbuto and files this Complaint against Defendant and would

respectfully show the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person residing in Lonoke County, Arkansas.

2. Defendant is an Arkansas corporation that owns real property in Pulaski County,

   Arkansas, that is the subject of this lawsuit.

3. This Court has subject matter jurisdiction and personal jurisdiction over all parties.

4. Venue is proper in this Court pursuant to Ark. Code Ann. § 16-60-101(a)(2)(B).

### FACTUAL ALLEGATIONS

**A.    Rights of Disabled Persons Under the Americans With Disabilities Act and
        Arkansas Civil Rights Act of 1993.**

5. In 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §

   12101, *et seq.*

6. The ADA provides that no individual shall be discriminated against on the basis of

   disability in the full and equal enjoyment of the goods, services, facilities, privileges,

   advantages, or accommodations of any place of public accommodation by any person

   who owns, leases (or leases to), or operates a place of public accommodation. *See* 42

   U.S.C. § 12182.

7.  In 1993, the Arkansas Legislature passed the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.*

8.  This law gave disabled persons the right to full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement. *See* Ark. Code Ann. § 16-123-107(a)(2). This is the same right provided by the ADA.

9.  The United States Department of Justice has issued rules setting standards for accessible design to prevent discrimination against persons with disabilities.

10. The current rules are the 2010 Standards. The 2010 Standards have been in effect since September 15, 2010 and publicly available at https://www.ada.gov/2010ADAstandards_index.htm. At all times relevant to this action, 2010 Standards applied to Defendant.

11. If the 2010 Standards do not apply to Defendant's property, then the 1991 Standards apply to Defendant's property.

12. Unlike its federal counterpart, the Arkansas law provides that any person injured by a violation of Ark. Code Ann. § 16-123-107(a)(2) is entitled to recover compensatory damages, punitive damages, cost of litigation, and attorney's fees. *See* Ark. Code Ann. § 16-123-107(b). Compensatory damages include mental anguish, loss of dignity, and other intangible injuries. *See* Ark. Code Ann. § 16-123-102(2).

**B.   Mr. Barbuto is a Qualified Person with a Disability Under**
**Both the ADA and Arkansas Law.**

13. Mr. Barbuto has cerebral palsy, which he has had since birth. His mobility is restricted by the use of crutches, and he cannot grasp or clasp with his left hand.

14. Mr. Barbuto is a qualified person with a disability under the ADA.

15. Mr. Barbuto has a disability as defined in Ark. Code Ann. § 16-123-102(3).

16. Mr. Barbuto has the right to full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement as provided by 42 U.S.C. § 12182 and Ark. Code Ann. § 16-123-107(2).

### C.  Defendant Unlawfully Discriminated Against Mr. Barbuto.

17. Defendant has unlawfully discriminated against Mr. Barbuto.

18. Defendant owns and operates a business property located at 9600 N. Rodney Parham, Little Rock, AR.  A Taco Bell restaurant is operated at this location.  The business is open to the public.

19. Defendant has unlawfully discriminated against Mr. Barbuto in the following regards:

    (a) The slope in the provided access aisle significantly exceeds the legal limit of 2.08%. *See* 2010 Standards at Section 502.4; 1991 Standards at Section 4.6.3.

    (b) Failure to provide required parking signage. *See* 2010 Standards at 502.6; 1991 Standards at Section 4.6.4.

    (c) Failure to remove an exterior door handle that requires tight grasping.  See 2010 Standards at Section 309.4, and Section 404.2.7; 1991 Standards at Section 4.13.9.  In fact, the ADA Small Business Guide shows a picture of the exact door handle Defendant uses as being "not accessible."

20. Additional violations may be discovered after an inspection pursuant to Ark. R. Civ. P. 34.

21. All of these violations are exterior barriers that are readily achievable to remove, and Defendant had a continuous obligation to make these barriers its first priority to remove.

22. Mr. Barbuto has visited Defendant's property on at least one occasion within the last three years and desires to continue visiting this property in the future.

23. Defendant has discriminated and continues to discriminate against Mr. Barbuto in violation of U.S.C. § 12182 and Ark. Code Ann. § 16-123-107(2).

24. Mr. Barbuto has endured emotional distress, mental anguish, and loss of dignity as a result of Defendant's actions.

## COUNT I

## VIOLATION OF THE ADA

25. Mr. Barbuto incorporates by reference all of the foregoing paragraphs as if fully restated herein.

26. Mr. Barbuto is a qualified person with a disability under the ADA.

27. Mr. Barbuto is entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation as provided by 42 U.S.C. § 12182(a).

28. Defendant's property is a public accommodation for purposes of the ADA in that a sales or retail establishment is operated on Defendant's property.

29. Defendant has denied Mr. Barbuto full enjoyment of its public accommodation.

30. Defendant has infringed upon Mr. Barbuto's rights guaranteed by the ADA.

31. Mr. Barbuto is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

32. Pursuant to 42 U.S.C. § 12188, Mr. Barbuto is entitled to injunctive relief, including an order to alter Defendant's property to make it readily accessible to individuals with disabilities to the extent required by the ADA.

## COUNT II

### DISCRIMINATION OFFENSE IN VIOLATION
### OF ARK CODE ANN. § 16-123-107(2)

33. Mr. Barbuto incorporates by reference all of the foregoing paragraphs as if fully restated herein.

34. Mr. Barbuto has a disability as defined in Ark. Code Ann. § 16-123-102(3).

35. Mr. Barbuto has the right to full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement as provided by Ark. Code Ann. § 16-123-107(2).

36. Defendant's property is a place, store, or other establishment that supplies goods or services to the general public.

37. Defendant owns and operates a place of public resort, accommodation, assemblage, or amusement as defined by Ark. Code Ann. § 16-123-102(7).

38. Defendant has denied Mr. Barbuto full enjoyment of its place of public resort, accommodation, assemblage, or amusement.

39. Defendant has infringed upon Mr. Barbuto's rights guaranteed by Ark. Code Ann. § 16-123-107(2).

40. Defendant's actions were intentional.  Upon information and belief, Defendant has earned substantial income from this property but refused to bring this property into accessibility compliance.

41. Defendant knew, or ought to have known, in the light of the surrounding circumstances, that its conduct would naturally and probably result in damages and Defendant continued such conduct in reckless disregard of the consequences from which malice may be inferred.

42. Defendant intentionally pursued a course of conduct for the purpose of causing damages.

43. Mr. Barbuto is entitled to nominal damages, compensatory damages, mental anguish, loss of dignity, and other intangible injuries.

44. Mr. Barbuto is entitled to an award of attorney's fees and costs pursuant to Ark. Code Ann. § 16-123-107(b).

45. Mr. Barbuto is entitled to injunctive relief, including an order to alter Defendant's property to make it readily accessible to individuals with disabilities to the extent required by the ADA and Ark. Code Ann. § 16-123-107.

46. Mr. Barbuto is entitled to punitive damages pursuant to Ark. Code Ann. § 16-123-107(b).

## COUNT III

### DECLARATORY RELIEF

47. Mr. Barbuto incorporates by reference all of the foregoing paragraphs as if fully restated herein.

48. The Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, *et seq*, permits the Court to determine the legal rights and status between the parties.

49. Mr. Barbuto is entitled to a declaratory judgment that Defendant has denied Mr. Barbuto the full enjoyment of Defendant's place of public accommodation, public resort, accommodation, assemblage, or amusement in violation of 42 U.S.C. § 12182 and Ark. Code Ann. § 16-123-107(a)(2).

50. Mr. Barbuto is entitled to a declaratory judgment that Defendant's property violates the 2010 Standards, 1991 Standards, and Ark. Code Ann. § 16-123-107.

51. Mr. Barbuto is entitled to an award of costs pursuant to Ark. Code Ann. § 16-111-110.

52. Mr. Barbuto demands a trial by jury on all claims asserted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

a.  For compensatory damages in an amount not less than the jurisdictional minimum of this Court;

b.  For exemplary and punitive damages;

c.  For declaratory relief;

d.  For injunctive relief;

e.  For prejudgment interest; and

f.  For costs of suit, attorneys' fees, and such other and further relief as the Court shall deem appropriate.

Respectfully submitted,

*/s/ Kevin Lemley*
Kevin M. Lemley, Ark Bar # 2005034
Kevin Lemley Law Partners
P.O. Box 424
Hazen, AR 72064
(501) 777-9950
kevin@lemley-law.com